[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
On or about October 12, 2000, plaintiff Richard J. Hall filed suit against defendants Timothy R. McCue and Timothy R. McCue Automotive Restoration alleging that the defendants breached a contract to restore the plaintiffs 1964 Volkswagen Beetle. On December 7, 2000, the clerk entered a default against Defendant Timothy R. McCue Automotive Restoration for failure to appear and, on December 11, 2000, the clerk entered a default against the individual defendant for failure to plead. On February 21, 2001, the court entered judgment for the plaintiff on liability only.
The matter came on for a hearing in damages on April 9, 2001. At the hearing, the plaintiff proved that he had paid the defendants $7700 between January 8, 1999 and February 25, 2000 and that the defendants had not yet restored the car. The plaintiff also showed that, in reliance on the defendants' promise to renovate the car, the plaintiff purchased motor vehicle insurance at a cost of $550. Finally, the evidence established that the value of the unrestored car is $850, which is the price the plaintiff paid when he purchased the car from a third party. The plaintiff is entitled to the $850 because the defendant has failed to return the car in breach of his agreement.
The court accordingly awards the plaintiff damages of $7,700 plus $550 plus $850. The plaintiff is also entitled to costs of $230.10.
The plaintiff seeks prejudgment interest pursuant to General Statutes § 37-3a commencing May 1, 1999, which is the date by which the defendants originally agreed to complete the renovation work. The plaintiff, however, continued to pay portions of the $7700 through February, 2000, and thus the court cannot say that the defendants' CT Page 5143 "detention of the money [was] . . . wrongful" through that time period or for a reasonable time thereafter. (Internal quotation marks omitted.)O'Hara v. State, 218 Conn. 628, 643 (1991). The court will instead assess prejudgment interest on the $7,700 from mid-October, 2000, when the plaintiff filed suit, to the current time, which is approximately six months. At the 10% statutory rate, interest totals $335.
Finally, the plaintiff seeks attorney's fees in the amount of $1,250. The contract, which was oral, did not provide for attorney's fees and the court does not find any other circumstances that justify an attorney's fees award.
The court accordingly awards the plaintiff damages in the aggregate amount of $9,665.10. The defendants are not entitled to an order allowing installment payments pursuant to General Statutes § 52-356d because the defendants currently hold both the plaintiffs car and his money.
Judgment shall enter for the plaintiff in the amount of $9,665.10.
It is so ordered.
Carl J. Schuman Judge, Superior Court